Streator Tile Works v. Coe.

## Streator Tile Works v. Thomas W. Coe.

1. MECHANIC'S LIEN—*Recovery of Material Furnished by Replevin.*—The lien given by statute to a material-man is a lien on the lot and building on which the material is used. If the person furnishing has a lien upon the material he can enforce it only in the manner provided by statute, by petition under the mechanic's lien law. He has no right to reduce the property to possession by replevin.

2. SALES—*Affirmance—Rescission.*—Where a person furnishes goods upon a contract, and with full knowledge of all the facts brings his action of assumpsit to recover the purchase price, he will be held to have affirmed the contract, and the right of rescission is extinguished.

Memorandum.—Replevin. Appeal from the Circuit Court of Livingston County; the Hon. CHARLES R. STARR, Judge, presiding. Heard

in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

The opinion states the case.

Strawn & Norton and Reeves & Boys, attorneys for appellant.

R. S. McIlduff and George W. Patton, attorneys for appellee; Mills Brothers, of counsel.

Mr. Presiding Justice Harker delivered the opinion of the Court.

This is an action of replevin brought by appellant to recover about 45,000 brick, which appellee, as the sheriff of Livingston county, had levied upon by virtue of several executions issued upon judgments rendered against Benway & Knutz.

The case was tried by the court without a jury upon an agreed state of facts, and judgment rendered against appellant.

From the stipulation of facts filed it appears that in May, 1892, appellant sold and delivered to Benway & Knutz 51,000 brick, to be used in the construction of buildings upon certain lots belonging to them, situated in Strawn, Illinois; that after the delivery of the brick upon the ground, 6,000 were laid in the walls; that several days thereafter several creditors of Benway & Knutz recovered judgment against them upon which executions were issued and levied upon the brick not then laid; that appellant on the 6th of June, 1892, began suit in assumpsit again Benway & Knutz to recover the purchase price for the brick, and also filed in the office of the circuit clerk of Livingston county its notice of lien upon the lots on which the buildings were being erected; that on the 30th of September, 1892, a petition to enforce such lien was filed on the chancery side of the docket of the Livingston County Circuit Court; that on the 16th of the following November, the suit in assumpsit was dismissed by appellant upon its own motion.

This suit was commenced June 18, 1892, while the suit in assumpsit was pending. It is claimed that appellant could maintain replevin for the reason that it had a lien upon the brick. The lien given by the statute to a material-man is a lien on the lot and building in which the material is used. If appellant had a lien upon the material it could enforce it only in the manner provided by statute, i. e., by petition under the mechanic's lien law. It had no right to reduce the brick to possession by replevin. There were no such conditions shown by the evidence as to support a right of stoppage *in transitu*. No fraud was practiced by Benway & Knutz or any one acting for them in purchasing and obtaining possession of the brick.

There was no right of rescission of the sale. Appellant with full knowledge of all the facts brought its action of assumpsit to recover the purchase price of the brick, thereby affirming the sale.

The title to the brick levied upon was in Benway & Knutz, and if appellant had any right in them it was by virtue of the lien law.

The judgment will therefore be affirmed.