## Charles E. Bartley et al. v. William C. Rogers.

1. TROVER—*Where It Will Lie.*—A, having agreed to build a house
for B, contracted with C for materials which were by C delivered on
the lot of B, but in no way affixed to the premises; thereafter A and C,
by mutual agreement, canceled such contract and A told C to remove
such materials from said premises. C attempted to do this, but was pre-
vented by B, who took possession of such materials and made them a
part of his house. *Held,* that trover will lie against B for the value of
the materials.

Trover.—Appeal from the Superior Court of Cook County; the Hon.
JOSEPH E. GARY, Judge presiding. Heard in the Branch Appellate
Court at the October term, 1901. Affirmed. Opinion filed November
11, 1902.

AARON HEIMS, attorney for appellants.

R. S. LUDINGTON, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion
the court.

This case was tried upon a stipulation of facts. The
question of law thereby presented is: A, having agreed to
build a house for B, contracted with C for materials which
were by C delivered on the lot of B, but in no way affixed
to the premises; thereafter A and C, by mutual agreement,
canceled such contract and A told C to remove such mate-
rials from said premises. C attempted to do this, but was
prevented by B, who took possession of such materials and
made them a part of his house. C thereupon sued B for
their value. Can C compel B to pay the value of the mate-
rials he has so used ?

In an action of trover the declaration proceeds upon the
theory that the defendant came lawfully into the possession
of goods lost by the plaintiff and has converted them to
his own use. The facts of this case fit a declaration in
trover.

The plea of the defendants, appellants, is that by virtue
of the mechanics' lien law of this state, C had a lien upon
the premises of B for the amount due to him, C, for such

materials, and therefore, as soon as the materials were delivered they became the absolute property of B.

If the contention were that so long as C had such lien the materials could not be removed from the premises, it might have force; but C and A, by canceling the sale and agreeing to the return of the materials, terminated the lien. We see no reason why C might not, by agreement with A, rescind the sale, return the materials and supply in their stead other articles, perhaps better and more suitable.

Appellants contend that the materials were sold upon the credit of " the building." The stipulation contains no such statement, neither is it to such effect.

In Streator Works v. Coe, 53 Ill. App. 483, the vendor, C, had begun an action of assumpsit to recover the price of brick sold to B, thus affirming the sale. While such suit was pending, C began an action of replevin for the brick. There had been no agreement to cancel the sale and the court say, as is manifest, " that there was no right of rescission."

The case of White v. Miller, 18 Pa. St. 52, is based upon the fact that the lumber in that case " was furnished on the credit of the building." The statements in Phillips and Boisot on Mechanics' Liens are put upon the condition of a credit extended to the building.

As before said, such is not the fact in this case. This case is to be decided upon the facts of the stipulation and not upon conjectures outside thereof.

The judgment of the Superior Court is affirmed.