### James W. Hedenberg, Defendant in Error, v. Louis A. Seeberger et al., Plaintiffs in Error.

### Gen. No. 13,790.

1. CONTRACTS—*effect of custom upon.* A custom cannot have the effect of making a contract between parties where otherwise there would be none.

2. CONTRACTS—*from what will not be implied.* A custom existing among real estate brokers, according to which a commission is divided where one broker has a buyer and the other a seller, is not sufficient to entitle the broker representing the seller, but not

effecting the sale, to recover of a broker who was the procuring cause of the sale, one-half of the commissions earned.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1907. Reversed. Opinion filed April 20, 1908.

PRINGLE & FEARING, for plaintiffs in error.

JOHN T. MURRAY, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

James W. Hedenberg was plaintiff and Louis A. Seeberger and Charles D. Richards were defendants in the trial court. The claim of the plaintiff, as shown by his amended bill of particulars, is for the sum of $281.25, being half the commissions received by the defendants on the sale for $22,500 of lots 9 and 10 in block 1, in Duncan's subdivision of the east ½ of the northwest ¼ of section 17-39-14, otherwise known as the northeast corner of Green and Monroe streets, in the city of Chicago, Illinois; the grantors in the deed thereof being the heirs of George W. Parmly, and the grantees being Nathan Friend and Alexander Friend. The plaintiff claims that he negotiated the sale of the property about January 20, 1907. There was a jury trial. The court gave no instructions. The jury found for the plaintiff and assessed his damages at the sum of $281.25, and the court overruled a motion of the defendants for a new trial, and rendered judgment on the verdict. The plaintiff is a licensed real estate broker in the city of Chicago, and so also are the defendants, and the defendants had for sale, as such brokers, the property above described, and sold it to Nathan Friend and Alexander Friend, closing the deal by delivery of a deed of the property January 15, 1907, and they received two and one-half per cent. commission on $22,500, or $562.50. The evidence of the plaintiff is, in substance, that plaintiff, prior to the

sale of the property by defendants, had a conversation with Nathan Friend, who told him that he had just sold a piece of property on Green street south of Monroe street, and asked him if he knew of any corners, and said he wanted a corner, and he, plaintiff, told Friend about the corner in question, and called up Mr. Seeberger and asked him whether he still had the property for sale, and Mr. Seeberger said he had, and plaintiff told him he, plaintiff, thought he had a buyer, and asked him if the property could be purchased for $21,000, and Mr. Seeberger said that the price was $25,000, that he had refused an offer of $22,500 two weeks before, and said to plaintiff, "See if you can get $23,500," and that Mr. Friend told him, plaintiff, he would not make an offer of $23,500; that in a few days he was going to see Mr. Seeberger on other matters, and would talk with him about the property. The evidence tends to prove that the Friends did not know the property was for sale till informed by plaintiff.

The plaintiff testified that there is a custom among real estate brokers to divide commissions, where one had a piece of property to sell and the other has a buyer. Nathan Friend, who is a real estate broker, testified to substantially the same.

Mr. Seeberger and Mr. Richards testified, in substance, that there is such a custom, but the commissions are not divided unless this is understood beforehand, and there is an agreement to that effect. Mr. Seeberger testified that there is a custom to enter into an agreement for division of commissions, but if nothing is agreed or said, there is no custom of dividing. The evidence shows that the plaintiff said nothing to the defendants about commissions till after the property was sold by the defendants. The plaintiff relies solely on the alleged custom. There is no evidence whatever tending in the least to prove that the defendants ever agreed to divide commissions with the plaintiff. In this state of the evidence there can be no recovery. Usage cannot create a contract, and proof

of usage is only admitted either to interpret the meaning of the language used in a contract, or where the meaning is equivocal or obscure. Savings Bank v. Ward, 100 U. S. 195, 207. "Usage cannot make a contract where there is none, nor prevent the effect of the settled rules of law." National Bank v. Burkhardt, 100 U. S. 686, 692. See also Chicago v. Tilley, 103 U. S. 155; Currie v. Syndicate, etc., 104 Ill. App. 164, 170, and 29 Am. & Eng. Ency., 2d ed., p. 420.

Counsel for plaintiff stated, at the commencement of the trial, "If there is not a contract, either expressed or implied, then of course we cannot recover." It is not claimed that there was an express contract between the parties, and nothing was proved from which the law would imply a contract.

The judgment will be reversed.

*Reversed.*